QUESTIONS:
1. Does the term "public office" as defined in s. 106.011(9), F. S., include the offices of United States Senator and Representative to Congress?
2. Does s. 106.08, F.S., limit the amount of contributions to candidates for the offices of United States Senator and Representative to Congress or to political committees organized in support of such candidates?
3. Does s. 106.10, F.S., limit the amount of expenditures by candidates for the offices of United States Senator and Representative to Congress or by political committees organized in support of such candidates?
SUMMARY:
The term "public office" as defined in s. 106.011(9), F.S., includes the offices of United States Senator and Representative to Congress. Unless and until otherwise clarified by the courts or the legislature, the provisions of ss. 106.08(1) and 106.10, F. S., which limit the amounts of contributions to, and expenditures by, candidates or political committees do not apply to candidates for the offices of United States Senator and Representative to Congress.
AS TO QUESTION 1:
In reply to a similar question in AGO 073-417, after summarizing various provisions of the Florida Election Code and Ch. 73-128, Laws of Florida, I concluded:
"It is evident, therefore, that the Florida laws regulating elections and campaign finances apply to candidates for the offices of Representative to Congress and United States Senate."
I have also noted in AGO 072-58 and AGO 072-289 that:
"The authority of Congress to regulate contributions to congressional officers nominated and elected from a particular state is a concurrent power which may be exercised at either level if the appropriate authority deems it necessary. Until the same area of regulation is covered by congressional action, the state regulation will control and will continue to control even after federal legislation is enacted if the two laws are not inconsistent with each other. . . ."
To the same effect is AGO 074-23.
Accordingly, question 1 is answered in the affirmative.
AS TO QUESTION 2:
Prior to the enactment of Ch. 73-128, Laws of Florida, the provisions of state law limiting the amounts of contributions to candidates appeared in s. 99.161(2)(a), F.S., 1971 (now repealed). Section 99.161(2)(a) specified four separate classifications of candidates for which contribution limits were established, the last of which was "a candidate for congressional office, two thousand dollars." Section 106.08(1), supra, which contains the present limitations on the amount of contributions to candidates or political committees, specifies — in language which in pertinent part is substantially identical to the language used in former s. 99.161(2)(a) — contribution limitations applicable to only the first three classifications of candidates for which contribution limits were established under the prior law. It makes no mention of "a candidate for congressional office," nor, as you note in your letter, does it specifically mention the offices of United States Senator or Representative to Congress. Although the question is not entirely free from doubt, I am inclined to the view that, by deletion of the classification "a candidate for congressional office" and the failure to substitute any specific reference to candidates for the offices of United States Senator or Representative to Congress, it was the intent of the legislature to exclude candidates for those offices from the limitations on contributions established by s. 106.08(1). This conclusion is in accord with the established rule of statutory construction that when the legislature, in amending a statute, uses different language than that found in the original enactment it is to be presumed that it intended to change the meaning of the original statute. See Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968).
And in the absence of any apparent intent to directly impose limitations on the amounts of contributions to candidates for the offices of United States Senator and Representative to Congress, there would appear to be no intent to indirectly impose such limitations by limiting contributions to political committees organized solely for the support of such candidates. Accordingly, unless and until otherwise clarified by the courts or the legislature, I am of the view that candidates for the offices of United States Senator and Representative to Congress, as well as political committees organized solely for the support of such candidates, are not subject to the limitations on the amounts of contributions established by s. 106.08(1), supra.
Question 2 is answered in the negative.
AS TO QUESTION 3:
The provisions of state law now governing the amounts which candidates or political committees may spend in furtherance of election campaigns appear in s. 106.10, supra. As you note in your letter, candidates for the offices of United States Senator and Representative to Congress are not mentioned in that section. The previous statutory provisions on this subject, s. 99.161(6)(b), F. S. 1971 (now repealed), established specific expenditure limitations for "United States senator" and for "United States house of representatives." Thus, it appears that, as is the case with respect to limitations on contributions discussed above, it was the intention of the legislature, by deletion of specific language contained in the prior statute and the failure to include a specific reference to congressional candidates, to exclude candidates for the offices of United States Senator and Representative to Congress from the limitations established by s. 106.10. Furthermore, it should be noted that s. 104 of Public Law92-225 authorizes a candidate for federal elective office (including the offices of United States Senator and Representative to Congress) to spend at least fifty thousand dollars for the use of communications media in each primary and general election in which he participates. Therefore, even if the expenditure limitations in s. 106.10 were to be applicable to candidates for such offices, to the extent of any conflict between the federal and the state provisions the federal would control. Accordingly, until such time as there is judicial or legislative clarification of this question, I am of the view that s. 106.10 does not apply to candidates for the offices in question nor to political committees organized solely in support of such candidates.
Question 3 is answered in the negative.